UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

TODD ALLEN BARNHARDT and
STACY RENE BARNHARDT,

    Debtors.

Case Number: 19-13897-7

---

MM EDUCATION LLC, MOHAMED
JAFFER, and YASEEN JAFFER,

    Plaintiffs,

v.

TODD ALLEN BARNHARDT,

    Defendant.

Adversary Number: 20-14

---

## **DECISION**

Todd Allen Barnhardt ("Debtor") and Stacy Rene Barnhardt (collectively "Debtors" or "Defendants") filed a voluntary chapter 7 petition.[1] An adversary proceeding which sought a denial of discharge under 11 U.S.C. § 523 was commenced[2] on behalf of MM Education LLC, Mohamed Jaffer, and Yaseen Jaffer ("Plaintiffs"). Plaintiffs object to the dischargeability of debts to them under 11 U.S.C. § 523(a)(2), (4), and (6).[3] Defendant answered[4] and a joint

---

[1] Case No. 19-13897.
[2] Adv. No. 20-14.
[3] Adv. No. 20-14, ECF No. 1.
[4] Adv. No. 20-14, ECF No. 8.

pretrial statement was filed.[5] A report of no distribution was filed by the trustee.[6] Trial was scheduled to occur on March 22, 2021.[7]

The U.S. Trustee commenced an action seeking denial of discharge under 11 U.S.C. § 727. Defendant consented to a waiver of discharge and an order denying discharge was entered in the Debtors' main case against Todd Barnhardt.[8] Following a motion for summary judgment, the Court held it would abstain from the proceeding since discharge was waived by Debtor and discharge was denied. Plaintiffs indicated a desire that the Court continue with the scheduled trial to determine the amount of the debt owed by Defendant to Plaintiffs. An action against Defendant and others is pending in the District Court. It arises out of the same transactions that form the basis for this adversary proceeding.

## LEGAL STANDARDS

28 U.S.C. § 1334 in part, states:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

---

[5] Adv. No. 20-14, ECF No. 9.
[6] Case No. 19-13897, ECF No. 117.
[7] Adv. No. 20-14, ECF No. 17.
[8] Case No. 19-13897, ECF No. 120.

This statute also provides a mechanism for parties to remove a proceeding to the district court. In Title 11 of the United States Code (the "Code"), jurisdiction is also addressed. Section 157(b)(2) contains 16 illustrations of core proceedings. Included in such matters are determinations of the dischargeability of particular debts and matters affecting administration of the estate. As noted in section 157:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). "Proceedings which are outside the boundaries of § 1334(a) or (b), that is, proceedings which do not fall even within the 'related to' jurisdiction, are outside of the subject matter jurisdiction of a bankruptcy court." *Vienneau v. Saxon Capital, Inc. (In re Vienneau)*, 410 B.R. 329, 334 (Bankr. D. Mass. 2009).

### DISCUSSION

In *Pettibone*, the bankruptcy court dismissed the plaintiff's adversary proceeding, which sought a determination that a debt was nondischargeable, as moot after an order of no discharge was entered in the debtor's case. *Mich. Unemployment Ins. Agency v. Pettibone (In re Pettibone)*, 577 B.R. 689 (Bankr. E.D. Mich. 2017). The court reasoned that its authority and "subject matter jurisdiction to enter a money judgment in this adversary proceeding was wholly

3

dependant on its statutory authority, under 28 U.S.C. § 157(b)(2)(I), to determine the dischargeability of Defendant's debt to the Agency." *Id.* at 690.

While the Seventh Circuit permits bankruptcy courts to decide "both dischargeability of the debt and the amount of the money judgment," reasoning it is consistent with the "rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief," this authority is not unlimited. *In re Hallahan*, 936 F.2d 1496, 1508 (7th Cir. 1991) (quoting *Alexander v. Hillman*, 296 U.S. 222, 242 (1935)). The ability is tied to necessity when determining if a debt is nondischargeable. In other words, without the determination of nondischargeability of debt or some other bankruptcy-related necessity, the court does not have subject matter jurisdiction to issue a money judgment.

As in *Pettibone*, the issue of dischargeability of the debt has already been determined in this case. So the relief being sought in Plaintiffs' complaint is moot. The debt, in whatever amount, is nondischargeable. The chapter 7 trustee issued a report of no distribution. The amount of the claim does not and will not affect the administration of the estate because there will be no distributions from the estate and nothing to administer.

The denial of discharge renders the Plaintiffs' claims under § 523(a)(2), (4), and (6) moot. The Plaintiffs have received the dischargeability-related relief they seek in this adversary proceeding. Defendant's debt to Plaintiffs will not be

4

and is not discharged. Thus the Court is no longer able to grant Plaintiffs any meaningful relief in addition to what they have already received.

This Court has no subject matter jurisdiction to enter a money judgment on Plaintiffs' claims because the debt is already established as nondischargeable. The amount of the debt is neither "arising out" of or related to Title 11 of the United States Code. This decision is without prejudice to the rights of the Plaintiffs to seek determination of the amounts owed in another, appropriate forum. Plaintiffs may seek modification of the stay to proceed with the already pending case in the District Court against Debtor rather than awaiting the closure of the bankruptcy case if they choose to do so.

### CONCLUSION

This Court lacks subject matter jurisdiction as it relates to Plaintiffs' claims. Further, Plaintiffs' adversary proceeding is moot because of the order waiving and denying discharge in Debtors' case.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: February 26, 2021

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge